**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN HAWKINS,**

    **Plaintiff,**

v.                                                                              Case No.  8:10-cv-650-T-30TBM

**CONDOMINIUM OWNERS**
**ASSOCIATION OF SAND CAY, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Condominium Owners Association of Sand Cay, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Alternative Motion to Strike the Demand for Attorneys' Fees (Dkt. 22) and Plaintiff's Response in Opposition of same (Dkt. 24).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## DISCUSSION

Plaintiff John Hawkins ("Plaintiff") owns a condominium unit at the Sand Cay Beach Resort, which is governed by Defendant Condominium Owners Association of Sand Cay, Inc. ("Defendant").  Plaintiff alleges that his unit sustained damage during renovations performed by contractors working under Defendant's direction.  Plaintiff filed an amended

complaint alleging causes of action against Defendant for breach of fiduciary duty, negligence, and breach of contract.

On July 27, 2010, the Court granted Defendant's motion to dismiss the amended complaint, without prejudice, and held that Plaintiff "needs to allege specific facts of an undertaking of a duty on the part of the Association and/or facts that the Association was in actual or constructive possession of Plaintiff's condominium unit in order to state an actionable claim." (Dkt. 16). The Court also stated that "any breach of contract claim must sufficiently allege the existence of a contract, either express or oral." *Id.*

On August 16, 2010, Plaintiff filed his second amended complaint and alleged claims for negligence (Count I) and breach of contract (Count II). Defendant now moves to dismiss these claims, arguing that they fail to state a claim and that the negligence claim is barred under Florida's economic loss rule. Defendant also moves to strike Plaintiff's demand for attorneys' fees.

The Court concludes that Defendant's motion should be denied to the extent that it moves to dismiss the claims for negligence and breach of contract for failure to state a claim. Plaintiff's second amended complaint states sufficient facts to support both claims, i.e., that Defendant breached an undertaken duty and that the parties had two implied or verbal contracts (i.e., a "Rental Contract" and "Custodial Contract") that Defendant breached during the relevant time period.

The Court also concludes that Defendant's motion should be granted to the extent that it moves to dismiss the negligence claim under Florida's economic loss rule. The economic

loss doctrine prevents a plaintiff from recovering in tort for economic losses flowing from a contract. *Indemnity Ins. Co. Of North America v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). Plaintiff's negligence claim relates to economic losses flowing from Defendant's breach of its contractual duty to safeguard Plaintiff's unit, which was in its care, custody, and control. Plaintiff fails to assert Defendant undertook any additional duties outside the scope of the alleged contracts, or committed a breach outside the scope of those contracts.

Accordingly, the negligence claim must be dismissed because the allegations are duplicative of the breach of contract claim. Plaintiff may amend this claim if he can allege a tort separate and apart from the breach of contract claim.

Lastly, Defendant's motion is granted to the extent it seeks to strike Plaintiff's claim for attorneys' fees in the second amended complaint. Plaintiff's claims for negligence and breach of contract do not establish a statutory or contractual basis for attorneys' fees and Plaintiff does not cite to any authority entitling him to attorneys' fees in his response to Defendant's motion.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Condominium Owners Association of Sand Cay, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 22) is hereby GRANTED IN PART AND DENIED IN PART.

2.  Count I is dismissed without prejudice to Plaintiff to amend as set forth herein. Plaintiff shall have fourteen (14) days from the date of this Order to amend this claim.

3.  Plaintiff's claims for attorneys' fees in the Second Amended Complaint are hereby stricken.

**DONE** and **ORDERED** in Tampa, Florida on September 10, 2010.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-650.m2dismissamendedcomplaint.frm