**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN HAWKINS,**

    **Plaintiff,**

v.                                                      Case No.  8:10-cv-650-T-30TBM

**CONDOMINIUM OWNERS**
**ASSOCIATION OF SAND CAY, INC., et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Structural Preservation System, Inc.'s (SPS) Motion to Strike the Plaintiff's Demand for Punitive Damages (Dkt. 54) and Plaintiff's Response in opposition (Dkt. 57).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted without prejudice to Plaintiff to amend his allegations to include specific acts of Defendant SPS that justify a punitive damages award.

Plaintiff alleges that his condominium unit sustained damages during renovations performed by contractors working under the direction of Defendant Condominium Owners Association of Sand Cay, Inc..  SPS was added as a party to this pending action when Plaintiff filed a third amended complaint.  The third amended complaint alleges a single count against SPS for negligence.  In paragraphs 88-92, the negligence count alleges that SPS

performed work on Plaintiff's unit in an "unworkmanlike manner" that resulted in damage to the unit and financial harm, including loss of use and loss of income (Dkt. 31).

SPS moves to strike Plaintiff's claim for punitive damages, arguing that the allegations are insufficient to demonstrate a reasonable basis for the recovery of punitive damages against SPS.  The Court agrees.

Plaintiff is correct that the requirement that punitive damages be pleaded only by amendment upon "a reasonable showing by evidence in the record . . . which would provide a reasonable basis for recovery of such damages" does not apply in federal court under diversity jurisdiction.  Fla. Stat. §768.72(1); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).  But merely setting forth conclusory allegations in a complaint is insufficient to entitle a claimant to recover punitive damages. *Fields v. Mylan Pharmaceuticals, Inc.*, 2009 WL 7115134, at *3 (N.D. Fla. Feb. 11, 2009).  Florida law requires a plaintiff to plead specific acts of the defendant that justify a punitive damage award. *Porter v. Ogden, Newell & Welch,* 241 F.3d 1334, 1341 (11th Cir. 2001) (*citing Bankest Imports, Inc. v. ISCA Corp.,* 717 F.Supp. 1537, 1542-43 (S.D.Fla. 1989)).  And the negligence count against SPS is bereft of any allegations justifying a punitive damages award, such as intentional misconduct or gross negligence.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Structural Preservation System, Inc.'s (SPS) Motion to Strike the Plaintiff's Demand for Punitive Damages (Dkt. 54) is hereby GRANTED without prejudice to Plaintiff to amend the allegations of the third amended

       complaint as to SPS to include a reasonable basis for recovery of punitive damages.

2. If Plaintiff chooses to amend the allegations, he must do so within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 11, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-650mtstrikepundam54.frm