**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOHN HAWKINS,**

    **Plaintiff,**

**v.**                                                                                   **Case No.  8:10-cv-650-T-30TBM**

**CONDOMINIUM OWNERS
ASSOCIATION OF SAND CAY,
INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Condominium Owners Association of Sand Cay, Inc.'s Motion to Dismiss (Dkt. 84) and Plaintiff's Response (Dkt. 86). Plaintiff indicates that he will withdraw his conspiracy claim (Count VI). Additionally, the Court has already ruled on more than one occasion that attorneys' fees are not recoverable in this case (Dkts. 37 and 81). Accordingly, Count VI and Plaintiff's demand for attorneys' fees are hereby stricken from the fourth amended complaint (Dkt. 37).

Finally, the Court agrees that Plaintiff has not included adequate allegations to recover punitive damages as to the negligence and breach of contract claims. As this Court stated previously (Dkt. 58), merely setting forth conclusory allegations in a complaint is insufficient to entitle a claimant to recover punitive damages. *Fields v. Mylan Pharmaceuticals, Inc.*, 2009 WL 7115134, at *3 (N.D. Fla. Feb. 11, 2009). Florida law requires a plaintiff to plead specific acts of the defendant that justify a punitive damage award. *Porter v. Ogden, Newell*

*& Welch,* 241 F.3d 1334, 1341 (11th Cir. 2001) (*citing Bankest Imports, Inc. v. ISCA Corp.,* 717 F.Supp. 1537, 1542-43 (S.D. Fla. 1989)).  Here, the breach of contract and negligence claims are devoid of facts amounting to intentional misconduct or gross negligence, especially on the part of the Association.  However, the Court concludes that, at this stage, Plaintiff has alleged sufficient facts to justify punitive damages for the fraud and conversion claims against the Association.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Condominium Owners Association of Sand Cay, Inc.'s Motion to Dismiss (Dkt. 84) is granted in part and denied in part.

2. Count VI is hereby stricken from the fourth amended complaint.

3. Plaintiff's demand for attorneys' fees is hereby stricken from the fourth amended complaint.

4. Plaintiff's request for punitive damages in the fourth amended complaint is hereby stricken from all claims except the fraud claim (Count IV) and conversion claim (Count V).

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-650.mtdismiss84.frm