**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOHN HAWKINS,**

    **Plaintiff,**

v.                                                             Case No. 8:10-cv-650-T-30TBM

**CONDOMINIUM OWNERS
ASSOCIATION OF SAND CAY, INC.,
et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Final Summary Judgment and Memorandum of Law (Dkt. 96), Plaintiff's Opposition to same (Dkt. 102), and Defendant's Reply (Dkt. 107). The Court, having reviewed the motion, response, reply, record evidence, and being otherwise advised of the premises, concludes that Defendant's Motion should be granted in part and denied in part.

### Background[1]

Plaintiff John Hawkins ("Plaintiff") owns condominium unit number 304 at the Sand Cay Beach Resort, which is governed by Defendant Condominium Owners Association of Sand Cay, Inc. ("Defendant"). Plaintiff purchased the unit for use as a vacation property and

---

[1] The record evidence is extremely thin in this case. Accordingly, the majority of the background facts are taken from Plaintiff's most recent amended complaint and, although described in this Order for background purposes, will not be considered part of the record for the Court's consideration on Defendant's summary judgment motion.

as a rental unit during those periods when he was at home in Rhode Island. Plaintiff alleges that his unit sustained damage during renovations performed by contractors working under Defendant's direction. Specifically, Plaintiff alleges that in 2004, substantial renovations to the exterior of the buildings of the units began, including to his unit, due to Defendant's failure to properly maintain the common areas of the units. The renovations included structural renovations, repair and replacement of roofs, siding, walkways, windows and doors, and required entry of Defendant's contractors, subcontractors, and other agents into the affected units.

Plaintiff alleges that his unit suffered damages as a result of the renovations because the repairs were performed in an unworkmanlike manner, resulting in a severe mold infestation within his unit. Plaintiff alleges that his damages include, among other things, out of pocket losses, loss of use damages, loss of potential rental income, and damages for the cost of mold removal, mitigation, and reconstruction.

Plaintiff filed his fourth amended complaint on June 13, 2011, alleging causes of action against Defendant for breach of contract (Count I), negligent retention (Count II), fraud (Count IV), and conversion (Count V). Defendant moves for final summary judgment on all Counts. The Court concludes that Defendant is entitled to summary judgment on all Counts, except the breach of contract claim, with respect to the "custodial contract."

## Summary Judgment Standard

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248;

*Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

### I. <u>Plaintiff's Breach of Contract Claims</u>

Plaintiff alleges two separate contracts with Defendant: a "custodial" contract and a "rental" contract. Defendant moves for summary judgment on both contract claims. It is bedrock law that a breach of contract claim consists of a valid contract, a material breach, and damages. *See Abbot Laboratories, Inc. v. General Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). Defendant argues that the record reflects that Plaintiff cannot establish the elements of either contract claim. The Court agrees with respect to the alleged rental contract.

#### A. "Rental Contract"

With respect to the rental contract, Plaintiff alleges that Defendant undertook to "rent, supervise and maintain individual units in the complex pursuant to individual contracts ("rental contract") with unit owners in exchange for a commission." And "[a]s part of the duties thereby undertaken, Defendant and its agents collects [sic] rents and keep control of keys and other means of ingress to the units during absences by unit owners." Finally, Plaintiff alleges that the rental contract "was in full force and effect during all times pertinent . . . although Plaintiff actually used the rental service on only one occasion." (Dkt. 83).

Defendant argues, in part, that the record is devoid of any evidence of the alleged rental contract, other than on one occasion where Plaintiff utilized Defendant's rental service in the mid-1990s.[2] Defendant also argues that the record is bereft of any evidence of a breach or damages. The Court agrees. Plaintiff's declaration states that on one or more occasions he used Defendant's rental service. However, even if the Court were to assume, for the sake of argument, that Plaintiff's declaration creates a genuine disputed fact related to whether there was a long-term or continuous contract between the parties, Plaintiff does not point to any evidence of a breach of this purported contract, or of any damages flowing from the breach. The only record evidence of Plaintiff's damages relates to the construction damages to his unit, which stems from the alleged custodial contract discussed below.

Accordingly, Defendant is entitled to summary judgment on Count I with respect to the purported rental contract.

### B. "Custodial Contract"

Plaintiff alleges that he entered into a "custodial contract" with Defendant when he vacated his unit and surrendered it to Defendant during the ongoing renovations to common elements that required renovations to his unit. Defendant argues that Plaintiff cannot establish that he entered into a valid contract with Defendant. The Court disagrees.

The declaration of condominium strictly governs the respective duties and responsibilities as between an association and the unit owners. *Woodside Vill. Condo. Ass'n v. Jahren,* 806 So. 2d 452, 456 (Fla. 2002). "A declaration of condominium must be strictly

---

[2] Plaintiff testified during his deposition that he had not utilized the Defendant's rental service since the mid-1990s.

construed." *Curci Village Condo. Ass'n, Inc. v. Maria*, 14 So. 3d 1175, 1177 (Fla. 4th DCA 2009) (citation omitted). "It is fundamental that in construing a contract, the intention of the parties must be determined from examination of the whole contract and not from the separate phrases or paragraphs." *Deeb v. Field,* 311 So. 2d 736, 737 (Fla. 3d DCA 1975).

Defendant's declaration of condominium provides, in pertinent part:

> 6.1 <u>Maintenance, Alteration, and Improvement</u>. The responsibility for the maintenance of the condominium property and restrictions upon the alteration and improvement thereof shall be as hereinafter provided.
>
> 6.2 <u>By the Association</u>. The Association shall maintain, repair, and replace at the Association's expense:
>
> (a) All portions of a unit, except interior surfaces, contributing to the support of the unit, which portions shall include but not be limited to load-bearing columns and load-bearing walls.
>
> (b) All conduits, ducts, plumbing, wiring, and other facilities for the furnishing of utility services contained in the portions of a unit maintained by the Association, and all such facilities contained within a unit that service part or parts of the condominium other than the unit within which they are contained.
>
> (c) All property, real and personal, owned by the Association, the exterior wall enclosing any limited common element, and all common elements as defined in Articles 3.3(a) and 5.3(a) of the Declaration. The Association shall not be responsible for the maintenance of the interior of any limited common element as defined in Article 5.3(b).
>
> (d) **All incidental damage caused to a unit by such work shall be repaired promptly at the expense of the Association.**

(Dkt. 96-1) (emphasis added).

The record also reflects testimony from Defendant's representatives acknowledging that Plaintiff was entitled to certain damages as a result of the renovation project. And the

record reflects facts that could lead a jury to believe that lost profits (rents) were forseeable damages. Indeed, in a March 30, 2007 e-mail from Judy Paul, Defendant's former condominium manager, to numerous individuals, Paul states in pertinent part: "prior to you being in our units these conditions did not exist and witness testimony and comment sheets as to the condition prior to SPS damaging the units is very overwhelming in Sand Cays [sic] favor. We couldn't have rented these units in the condition that you left them." (Dkt. 102-3).

Accordingly, the jury must decide the issue of whether Defendant breached its contract with Plaintiff to repair the damages flowing from the renovation project, and, if so, what damages Plaintiff is entitled to as a result of the breach.

## II. Plaintiff's Negligent Retention Claim

Plaintiff's fourth amended complaint alleges that Defendant hired Judith Paul to be the condominium manager, that Paul's duties included condominium rentals, condominium security, supervision of vendors, and supervision of contractors, that Plaintiff informed Defendant on numerous occasions that Paul's actions should be investigated and that she was mismanaging the condominium, which caused Plaintiff's damages, that Defendant ignored Plaintiff, continued to retain Paul, and that Defendant subsequently terminated Paul for theft.

Defendant moves for summary judgment on this claim, in part, because the record is devoid of any facts establishing causation between Defendant's alleged negligent retention of Paul and Plaintiff's damages. The Court agrees. The record is devoid of any genuine material facts establishing causation between Paul's retention as Defendant's condominium manager and Plaintiff's damages. Accordingly, summary judgment is appropriate on this

claim. *See Garcia v. Duffy*, 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986) (noting that a negligent retention claim requires the plaintiff to establish that the defendant's breach was the proximate cause of injury or damage to the plaintiff).

It is important to note that Plaintiff seems confused about the summary judgment standard. Plaintiff repeatedly states in his response that he is "not yet under an obligation to prove facts - no trial has yet occurred." And that Defendant's summary judgment filing triggers "its obligation to prove from the record the undisputed, material facts it claims give rise to a legal conclusion providing justification for summary resolution." Plaintiff also contends that it is "the Defendant who must offer proof at this phase of litigation - an obligation that has not been fulfilled." (Dkt. 102).

Plaintiff's description of the standard is inaccurate. On a motion for summary judgment, the Court must view the evidence in favor of the nonmoving party and give that party the benefit of all justifiable inferences that can be drawn in his favor. *See Anderson,* 477 U.S. at 250. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Nor may the nonmoving party simply argue facts supporting its claim will be developed later or at trial. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex,* 477 U.S. at 324. If reasonable minds could differ as to the import of the evidence, judgment as a matter of law should not be granted. *See Anderson,* 477 U.S. at 250–51. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue

because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex,* 477 U.S. at 322–23.

Here, Plaintiff cites generally to evidence in the record demonstrating that he complained to Defendant about Paul and that Paul was ultimately terminated for embezzling from Defendant. Plaintiff also argues that there is evidence establishing that Paul was the contact point for the construction project. However, Plaintiff does not point to any material evidence in the record establishing a link between Paul's involvement in the construction project and the damage to Plaintiff's unit suffered as a result of the construction work. Plaintiff also does not point to any evidence establishing that he placed Defendant on notice that Paul's participation in the construction project was negligent or inferior in any way.[3]

### III. Plaintiff's Claims of Fraud and Conversion

Plaintiff's fourth amended complaint includes claims of fraud and conversion against Defendant related to Defendant's alleged misrepresentation regarding the nature of its dispute and ultimate settlement with Structural Preservation Systems, Inc. ("SPS"), the contractor Defendant hired to perform the renovation project. Plaintiff alleges that Defendant represented to him that its dispute with SPS did not include any claims the individual unit owners may have against SPS. Plaintiff alleges that Defendant's representation was false because the settlement proceeds it received from SPS included damages for the unit owners.

---

[3] Plaintiff cites to a vague comment in one deposition suggesting that he complained about "mismanagement," however, the letter Plaintiff wrote describing the alleged mismanagement is not contained in the record and there is no record evidence demonstrating that the mismanagement related to the construction project or Paul's involvement in the project. (Dkt. 96-4 at 42).

In order to prevail on an action for fraud, Plaintiff must establish: (1) Defendant made a false statement regarding a material fact; (2) Defendant knew or should have known the representation was false; (3) Defendant intended that the representation induce Plaintiff to act on it; and (4) Plaintiff suffered damages in justifiable reliance on the representation. *Webb v. Kirkland*, 899 So. 2d 344, 346 (Fla. 2d DCA 2005).

A conversion claim requires an unauthorized act which deprives another of his property permanently or for an indefinite time. *Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450 So. 2d 1157, 1160-61 (Fla. 3d DCA 1984).

Defendant moves for summary judgment on these claims, arguing that Plaintiff cannot point to any record evidence demonstrating that the settlement funds Defendant received from SPS included damages to the individual unit owners. Defendant relies upon the record evidence of the affidavit of Salvatore G. Scro, Defendant's attorney in its lawsuit against SPS. Scro states that during the course of the litigation, he informed Defendant that his law firm could not and would not represent the unit owners regarding their individual claims against SPS. Scro also states that the settlement proceeds received from SPS did not include damages to the individual unit owners.

The Court agrees that the record evidence does not establish a genuine issue of material fact related to Plaintiff's fraud and conversion claims. Again, Plaintiff appears to be under the misguided belief that it is not his burden to point to record evidence establishing a genuine issue of material fact in support of the elements of these claims. Rather than discuss the elements of these claims, Plaintiff refers to vague comments from Paul contained

in the record that reference, in part, the unit owners' individual damages. However, with respect to the fraud claim, Plaintiff points to nothing in the record to establish a misrepresentation was made to him that he then relied upon to his detriment, and, with respect to the conversion claim, he points to nothing establishing his entitlement to the proceeds.

In sum, the record is bereft of any evidence establishing (for a jury's consideration) that Defendant made a false statement to Plaintiff, that Plaintiff had any ownership rights or possessory interest in the funds at issue, or that Defendant intended to deprive Plaintiff of possession of the funds. Plaintiff's vague references to Paul are insufficient to create a material disputed fact. Indeed, there is nothing in the record describing the degree of Paul's involvement in the settlement Defendant ultimately reached with SPS.

Accordingly, Defendant is entitled to summary judgment as a matter of law on these claims.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment and Memorandum of Law (Dkt. 96) is GRANTED in part and DENIED in part as set forth herein.

**DONE** and **ORDERED** in Tampa, Florida on November 18, 2011.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-650.msj96-finalfinal.frm