UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN HAWKINS,**

    **Plaintiff,**

v.                                                                             Case No.  8:10-cv-650-T-30TBM

**CONDOMINIUM OWNERS**
**ASSOCIATION OF SAND CAY, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon various pending motions (Dkts. 114, 116-119, 130, 135).  On January 9, 2012, the Court held a hearing on these motions and heard argument from counsel.  For the reasons stated on the record, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion in Limine (Dkt. 114) is moot based on the Court's rulings as stated on the record.

2. Defendant's Motion in Limine (Dkt. 116) regarding prejudicial testimony and evidence is granted with respect to evidence of Judy Paul's alleged criminal conduct and denied with respect to evidence regarding any actions taken or payments made by the Association to other unit owners.  With respect to evidence of liability insurance, counsel shall approach the bench prior to introducing same.

3. Defendant's Motion in Limine (Dkt. 117) to exclude the expert testimony of Daniel Hartwig is moot. Plaintiff does not intend to call Mr. Hartwig as an expert or lay witness.

4. Defendant's Motion in Limine (Dkt. 118) to exclude expert testimony of Gary Girard is moot. Plaintiff does not intend to call Mr. Girard as an expert.

5. Defendant's Motion in Limine (Dkt. 119) regarding recoverable damages is denied with respect to Defendant's statute of limitations argument. The motion is granted with respect to Defendant's argument that Plaintiff cannot recover damages for <u>both</u> loss of use and loss of rent. The Court reserves ruling on the issue of whether Plaintiff can recover damages for "personal" expenses.

6. The Court reserves ruling on Plaintiff's Motions (Dkt. 130, 135) with respect to Plaintiff's request for special jury instructions on punitive damages and attorneys' fees. Plaintiff shall not discuss the issue of punitive damages or attorneys' fees with the jury until the Court has ruled on these issues.

7. Defendant's argument that Plaintiff has no basis to request the jury's consideration of an express breach of contract claim for breach of the Declaration of Condominium of Sand Cay is denied. The Declaration of Condominium controls in this case and Defendant's argument makes it clear that Defendant was aware of this claim since the filing of this action. Moreover, the Court's summary judgment order made it clear that the

Declaration of Condominium strictly governs the respective duties and responsibilities between Defendant and Plaintiff. Finally, the Court provided Defendant an opportunity to seek a continuance of the trial and Defendant did not do so. To the extent that the Court's ruling affects Defendant's jury instructions, Defendant may submit additional instructions to the Court for its review.

**DONE** and **ORDERED** in Tampa, Florida on January 9, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-650.mtslimine.frm