# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JOHN HAWKINS,**

      **Plaintiff,**

**v.**                               **Case No.  8:10-cv-650-T-30TBM**

**CONDOMINIUM OWNERS**
**ASSOCIATION OF SAND CAY, INC., et al.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for New Trial on Damages or Remittitur and Motion for Set Off (Dkt. 230), Plaintiff's Motion for Attorney's Fees (Dkt. 224), Plaintiff's Motion for Bill of Costs (Dkt. 225), Plaintiff's Motion for Pre and Post Judgment Interest (Dkt. 226), and the parties' respective responses in opposition.  Upon consideration of the motions, responses, and being otherwise advised of the premises, the Court concludes that the motions (other than Plaintiff's motion for fees, which is denied) should be granted in part and denied in part.

## BACKGROUND

Plaintiff John Hawkins owns condominium number 304 at the Sand Cay Beach Resort, which is governed by Defendant Condominium Owners Association of Sand Cay, Inc. (the "Association").  In this action, Hawkins alleged that his unit suffered damages as a result of renovations that the Association made to his unit because the repairs were

performed in an un-workmanlike manner, resulting in damages to his unit, loss of use damages, loss of potential rental income, and damages for the cost of mold removal, mitigation, and reconstruction.

This action went to trial on Hawkins' remaining claim of breach of contract against the Association.  After the trial, the jury returned a verdict against the Association, and in favor of Hawkins, awarding damages in the amount of $397,000, which was based upon an award of $400,000 in damages that was reduced by a finding that Hawkins failed to mitigate his damages in the amount of $3,000 (Dkt. 218).  On August 13, 2012, judgment in the amount of $397,000 was awarded in favor of Hawkins and against the Association (Dkt. 222).

This case is at issue upon the parties' post-judgment motions, as set forth below.

## THE ASSOCIATION'S MOTION FOR NEW TRIAL OR REMITTITUR

The Association argues that the Court should order a remittitur to reduce the jury's "excessive award of damages, which was based solely upon speculative testimony, or order a new trial on damages".  (Dkt. 230).  The Court disagrees.  There was sufficient evidence for the jury to award damages in the amount of $400,000.  The witnesses for Hawkins testified at length about the damages to his unit and the out of pocket and rental damages he experienced that resulted from the Association's breach of the Declaration.  The Court will not alter the jury's award based on the Association's disagreement with the testimony on these issues, or on the Association's suspicions of the credibility of the evidence presented

to the jury.  Accordingly, the Association's request for a new trial on damages or remittitur is denied.

## THE ASSOCIATION'S MOTION FOR A SET OFF

The Association argues that, under Florida law, it is entitled to a set off in the amount of $40,000 for Hawkins' settlement with co-Defendants Structural Preservation Systems, Inc. a/k/a Structural Preservation Systems, LLC ("SPS"), and Questar Construction, Inc. ("Questar") because Hawkins was seeking to recover the "very damages sought against the Association, including damages to his unit, loss of use damages, loss of potential rental income, and damages for the cost of mold removal, mitigation, and reconstruction."  (Dkt. 230).  The Court agrees that the jury's verdict should be set off by Hawkins' total settlement with SPS and Questar.

Hawkins argues that set off is not appropriate because the claims against SPS and Questar were tort claims, not breach of contract claims.  This argument is unpersuasive because the *damages* Hawkins was seeking against these co-Defendants, as indicated in his third amended complaint (Dkt. 31) were virtually the same as the damages he was seeking against the Association.  Under these circumstances, where the damages are not separate and distinct, set off is appropriate, despite the fact that the legal claims asserted against these Defendants were different.  *See Palm Springs General Hosp., Inc. v. Valdes*, 784 So. 2d 1151, 1154 (Fla. 3d DCA 2001).

Accordingly, the jury's verdict is set off in the amount of $40,000 for a total judgment amount of **$357,000**.

## HAWKINS' MOTION FOR ATTORNEY'S FEES

Hawkins argues that he is the prevailing party and entitled to attorney's fees under the Declaration.  Specifically, section 13.3 of the Sand Cay Declaration of Condominium, which was the contract at issue in this case, provides:

> In any proceeding arising because of an alleged failure of a unit owner to comply with the terms of the Declaration, the Bylaws or the regulations adopted thereto, and said documents as they may be amended from time to time, the prevailing party shall be entitled to recover the costs of the proceedings and such reasonable attorneys' fees as may be awarded by the court.

(Dkt. 96-1).  Hawkins argues that this attorney's fee provision is reciprocal under Fla. Stat. § 57.105(7), which provides that:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.  This subsection applies to any contract entered into on or after October 1, 1998.

The Association argues that section 57.105(7) does not apply here because the Declaration was originally "made" on October 18, 1976, and Hawkins purchased his unit in 1980.  Thus, the Declaration is not a contract "entered into on or after October 1, 1998."  The Court disagrees.  The Declaration is a contract between Hawkins and the Association that is continuing in nature.  Importantly, the Declaration was subsequently amended numerous times after 1998 (Dkt. 96-1).  And the attorney fee provision contained in section 13.3 even contemplates that the Declaration and Bylaws "may be amended from time to time".

Accordingly, the Association's argument on this point lacks merit and Hawkins is not barred from seeking fees pursuant to the Declaration and section 57.105(7).

The Association then argues that if the Court concludes that Hawkins is entitled to attorney's fees under section 57.105(7), the Court should exercise its discretion to deny or reduce any fee award. The Association contends that an award of attorney's fees under Florida's reciprocal statute is not "automatic" but rests within the Court's sound discretion. And from a "fairness" perspective, Hawkins undertook litigation that was lengthy and over-complicated. The Court agrees. First, although the Court cannot alter the jury's verdict in this case as stated above based on what it would have determined, it would have awarded a lesser amount of damages. Also, Hawkins' counsel engaged in duplicative work throughout this litigation and needlessly delayed the litigation by amending the complaint at least four times. It is also important to note that the Association was awarded summary judgment in its favor on all of Hawkins' remaining claims, except Hawkins' breach of contract claim.

In sum, section 57.105(7) states that the Court "may" award reasonable fees; the statute is not mandatory. *See Spartan Holdco, LLC v. Cheeburger Cheeburger Restaurants, Inc.*, 2011 WL 6024487, at *3 (M.D. Fla. Nov. 18, 2011) (noting that "the language of the statute is not mandatory but discretionary"). Accordingly, the Court declines to award attorney's fees to Hawkins under the facts of this case.

## HAWKINS' MOTION FOR COSTS

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court

order provides otherwise." Hawkins prevailed in this case and is entitled to recover the costs enumerated under 28 U.S.C. § 1920.  Under section 1920, a judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of title 28; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28.

Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in section 1920.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987).

Hawkins moves for a total of $12,044.15 in costs.  The Association opposes some of the costs as unrecoverable under section 1920.  The Court will discuss each item accordingly.

**Filing Fee**

Hawkins requests costs in the amount of **$350** for the filing fee.  The Association does not dispute this amount and it is recoverable under section 1920.

**Service of Process**

Hawkins requests costs in the amount of $317 for service of process stemming from five separate subpoenas served in this matter.  Three of the subpoenas were served on a "rush" basis at the following cost per subpoena: $85.00, $70.00, and $70.00.  The Association argues that if the U.S. Marshals served process for these subpoenas, the rate would have been $55 per hour for each item served.  The Court agrees.  Accordingly, the Court limits the costs related to these three subpoenas to $55 per subpoena.  The Association does not challenge the costs associated with the two remaining subpoenas ($45 and $47).  Accordingly, the amount of recoverable costs is reduced to **$257**.

**Witness Fees**

Hawkins seeks $507.46 for witness fees associated with seven separate witnesses.  The Association argues that a district court cannot grant the cost of a witness fee that is higher than $40 and that the documentation filed in support of the costs is insufficient as to three of the witnesses.

The Association is correct that "the recovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem."  *Arlington Ctr. Sch. Dist. Bd. of. Educ. v. Murphy,* 548 U.S. 291, 298 (2006).  Thus, the witness fees

will be reduced to $40 per witness. The Court disagrees that the documentation is insufficient as to three of the witnesses, however.

Accordingly, the amount of recoverable costs is reduced to **$280**.

### Witness Travel

Hawkins requests costs in the amount of **$1,834.70** for witness travel. The Association's response indicates that it does not object to this amount.

### Witness Lodging and Witness Meals

Hawkins requests costs in the amount of $707.84 for the lodging of three of his witnesses and $901.02 for witness meals. The Association argues that costs associated with witness lodging and witness meals are not recoverable under section 1920. The Court agrees. "[M]eals, courier/postage, Lexis–Nexis research, air fare, and lodging are not included under § 1920." *Gary Brown & Assocs., Inc. v. Ashdon, Inc.,* 268 Fed.Appx. 837, 846 (11th Cir. 2008). Accordingly, Hawkins cannot recover any of the costs associated with witness lodging and meals.

### Stenographer Fees

Hawkins requests costs in the amount of $2,731.30 for deposition transcripts. As stated above, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable under section 1920. The Association argues that these costs should not be recovered because "none of the testimony or information obtained from these depositions was necessary to this proceeding or was it used at trial." The Court agrees with respect to the depositions of Matt Shane and George McGonagill, who are

representatives of settling co-Defendants SPS and Questar.  This reduces the cost amount by $434.

With respect to the remaining depositions, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success".  *Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1289 (M.D. Fla. 2005).  The Association has not demonstrated that these depositions "[were] not related to an issue present in the case *at the time of the deposition*"  *Id.* (emphasis added).  Accordingly, the Court awards stenographer fees in the amount of **$2,297.30**.

### Reproduction Costs

Hawkins requests $1,240.33 for reproduction costs.  Section 1920 allows "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Notably, costs incurred for the convenience of counsel are not taxable.  *Lehman Bros. Holdings v. Hirota,* 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010).

The Association argues that none of these costs should be recoverable because Hawkins does not specify in his motion or present evidence to support how these copies were necessary to this litigation.  The Court agrees.  Accordingly, the Court will not award any reproduction costs in this case.

## Court Ordered Mediation and Expert Witness Fees

Hawkins requests mediation costs in the amount of $1,240.33 and expert witness fees in the amount of $1,787.50. The Association argues that these costs are not recoverable under section 1920. The Court agrees. The law is clear that costs associated with mediation are not recoverable. *See Comprehensive Care Corp. v. Katzman*, 2011 WL 2938268, at *6 (M.D. Fla. July 21, 2011); *Reis v. Thierry's, Inc.,* 2010 WL 1249076, at *3 (S.D. Fla. Mar. 25, 2010). Moreover, Hawkins cannot recover expert witness fees for *non-court-appointed expert witnesses*. *See Duckworth*, 97 F.3d at 1399.

Accordingly, the Court will not award the costs associated with mediation or Hawkins' expert witness.

In sum, the Court awards Hawkins costs in the total amount of **$5,019**.

## HAWKINS' MOTION FOR PRE AND POST JUDGMENT INTEREST

Hawkins requests pre and post judgment interest on the judgment amount of $397,000.[1] In a diversity case, like the instant case, federal courts follow state law governing the award of prejudgment interest. *SEB S.A. v. Sunbeam Corp.,* 476 F.3d 1317, 1320 (11th Cir. 2007) (citing *Royster Co. v. Union Carbide Corp.,* 737 F.2d 941, 948 (11th Cir. 1984)). Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages that serves to make the party whole. *Argonaut Ins. Co. v. May Plumbing Co.,* 474 So. 2d 212, 214-15 (Fla. 1985). "[W]hen a verdict liquidates damages on a

---

[1] Notably, any prejudgment interest will now be applied to the amended judgment of $357,000.

plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Id.* at 215. Thus, the Court concludes that Hawkins is entitled to prejudgment interest.

The computation of prejudgment interest is "a mathematical computation" and "a purely ministerial duty," so no finding of fact is needed, and no discretion is permitted. *SEB,* 476 F.3d at 1320 (citing *Argonaut,* 474 So. 2d at 215). Under Florida law, the date of loss, for purposes of a prejudgment interest award in a contract case, is the date on which payment was due. *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F. Supp. 2d 1316, 1329 (M.D. Fla. 1999). Here, the jury made no finding with respect to the date on which payment was due to Hawkins. Under these circumstances, it is reasonable to use the date of the filing of the complaint. *See Berloni S.p.A. v. Delia Casa, LLC,* 972 So. 2d 1007, 1012 (Fla. 4th DCA 2008) (awarding prejudgment interest from the date of the filing of the complaint because date of loss could not be determined). Hawkins filed his complaint on March 17, 2010.

Under Florida law, prejudgment interest accrues until a final, amended judgment is entered. *SEB,* 476 F.3d at 1320. Because this Order amends the judgment amount to reflect the set off, the Court will use the date of this Order as the ending date from which prejudgment interest accrues. Thus, prejudgment interest on the amount of $357,000, shall accrue from March 17, 2010, until October 5, 2012.

As to the rate at which prejudgment interest is calculated, "just as the loss theory forecloses discretion in the award of prejudgment interest, there is no discretion in the rate

of that interest." *Argonaut,* 474 So. 2d at 215.  Under Florida law, where there is no contract rate establishing the appropriate interest rate, the interest rate is set annually by Florida's Chief Financial Officer.  *See* Fla. Stat. §§ 687.01 and 55.03.  For 2010, the Chief Financial Officer set the interest rate at 6% per annum, or .0001644 daily; for 2011 (from 1/1/2011 - 9/30/2011), the interest rate is 6% per annum, or .0001644 daily, for 2011 (from 10/1/2011 - 12/31/2011), the rate is 4.75%, or .000130137 daily, for 2012, the interest rate is 4.75%, or .000129781 daily.  *See* Florida Department of Financial Services, *Statutory Interest Rates Pursuant to Section 55.03, Florida Statutes,* http://www.myfloridacfo.com/aadir/interest.htm.

Applying these interest rates, Hawkins is entitled to **$50,234.43** in prejudgment interest calculated as follows:

| | |
|---|---:|
| **March 17, 2010 - December 31, 2010** | |
| 290 days x .0001644 x $357,000 = | $17,020.33 |
| **January 1, 2011 - September 30, 2011** | |
| 273 days x .0001644 x $357,000 = | $16,022.59 |
| **October 1, 2011 - December 31, 2011** | |
| 92 days x .0001301 x $357,000 = | $4,273.00 |
| **January 1, 2012 - October 5, 2012** | |
| 279 days x .0001297 x $357,000 = | $12,918.51 |
| **Total** | **$50,234.43** |

## CONCLUSION

In sum, the judgment entered in favor of Hawkins is hereby amended to reflect the set off, costs, and prejudgment interest as stated in detail herein.  The final amended judgment is **$412,253.43**, which is determined as follows ($397,000 (original judgment) - $40,000 (set off) + $5,019 (costs) + $50,234.43 (prejudgment interest)).

It is therefore **ORDERED AND ADJUDGED** that for the reasons stated herein:

1.      Defendant's Motion for New Trial on Damages or Remittitur and Motion for Set Off (Dkt. 230) is granted in part and denied in part, Plaintiff's Motion for Attorney's Fees (Dkt. 224) is denied, Plaintiff's Motion for Bill of Costs (Dkt. 225) is granted in part and denied in part, and Plaintiff's Motion for Pre and Post Judgment Interest (Dkt. 226) is granted in part and denied in part.

2.      The judgment entered on August 13, 2012 (Dkt. 222) is hereby **VACATED**.

3.      The Clerk of Court shall enter an **Amended Judgment** in favor of Plaintiff John Hawkins and against Defendant Condominium Owners Association of Sand Cay, Inc., in the amount of **$412,253.43**, which shall accrue post judgment interest at the statutory rate.

4.      This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-650.postjudgmotions-REVISED.wpd